UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LUIS REYES, on his own behalf and on behalf of those similarly situated,**

    Plaintiffs,

vs.

CASE NO.:

**FRESENIUS MEDICAL CARE HOLDINGS, INC. d/b/a Fresenius Medical Care North America and Fresenius Kidney Care, a Division of Fresenius Care North America and BIO-MEDICAL APPLICATIONS OF FLORIDA, INC.,**

    Defendants.     /

**COMPLAINT & DEMAND FOR JURY TRIAL**
**(Collective Action Complaint)**

Plaintiff, LUIS REYES, on his own behalf and on behalf of those similarly situated ("Plaintiffs"), was an employee of Defendant, FRESENIUS MEDICAL CARE HOLDINGS, INC., d/b/a Fresenius Medical Care North America and Fresenius Kidney Care, a Division of Fresenius Care North America ("FRESENIUS") and BIO-MEDICAL APPLICATIONS OF FLORIDA, INC. ("BIO-MEDICAL") (collectively referred to as "Defendants"), and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

**INTRODUCTION**

1. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

2. The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor

1

conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5. To the extent any partial payments have been made by Defendants to Plaintiffs of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiffs and against Defendants as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *See id.*

6. The Defendants in this case violated the FLSA by failing to pay Plaintiff and other similarly-situated technicians time and one half for all of their hours worked over forty (40) each week.

7. This action is intended to include each and every technician who worked for Defendants at any time within Florida during the past three (3) years.

## **PARTIES**

8. Plaintiff, and those similarly situated individuals ("class members"), were technicians paid on an hourly basis for services performed for Defendants.

9. Defendant, FRESENIUS, is a Foreign Profit Corporation, whose corporate office is located at 920 Winter Street, Waltham, MA 02451.

10. Defendant, BIO-MEDICAL is a Foreign Profit Corporation whose corporate office is located at 920 Winter Street, Waltham, MA 02451.

11. Defendant, FRESENIUS, is the world's leading provider of dialysis products and services. See Defendant's website at https://www.freseniusmedicalcare.com/en/investors/at-a-glance/facts-figures/.

12. Defendant, BIO-MEDICAL, is a joint company to FRESENIUS also providing dialysis products and services.

13. Defendants perform related activity as each provides dialysis products and services.

14. Defendants share the same corporate office location.

15. Together, Defendants control and supervise their employees and also have the power to determine their rates of pay and hire/fire them.

16. FRESENIUS and BIO-MEDICAL, in conjunction with their respective divisions, subsidiaries, parents or affiliates for the location(s) in the United States, have at material times done business collectively under the name of "Fresenius," among other names and marks, in the United States. Each of these Defendants employs/employed Plaintiff, and those similarly situated, directly and/or indirectly, jointly and/or severally, and acted in the interest of an employer toward Plaintiff and those similarly situated, during the last three years, including

without limitation directly or indirectly controlling and directing the terms of employment and compensation of Plaintiff and those similarly situated.

## JURISDICTION AND VENUE

17. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 as they arise under the FLSA, 29 U.S.C. § 201, *et seq.*

18. Defendant, FRESENIUS, conducts business in, among others, Orange County, Florida, therefore venue is proper in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

19. Defendant, BIO-MEDICAL, conducts business in, among others, Orange County, Florida, therefore venue is proper in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## COVERAGE

20. At all material times during the last three years, FRESENIUS was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

21. At all material times during the last three years, BIO-MEDICAL was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

22. At all material times during the last three years, FRESENIUS was an employer as defined by 29 U.S.C. § 203(d).

23. At all material times during the last three years, BIO-MEDICAL was an employer as defined by 29 U.S.C. § 203(d).

24. At all material times during the last three years, FRESENIUS has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

25. At all material times during the last three years, BIO-MEDICAL has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

26. At all material times during the last three years, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

    a. Engaged in commerce; or

    b. Engaged in the production of goods for commerce; or

    c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. computers, telephones, and medical supplies/equipment).

## FACTUAL ALLEGATIONS

27. Defendant, FRESENIUS, is a company classified as a kidney dialysis service center.

28. Defendant, BIO-MEDICAL, is a company classified as a kidney dialysis service center.

29. Defendants have a common pay policy and/or pay practice which fails to pay certain hourly employees at a rate of time and one-half their regular rate of pay for hours worked in excess of forty (40) per week.

30. Plaintiff, LUIS REYES, worked as a non-exempt technician for Defendants. from approximately September 2015 through September 2019.

31. Defendants failed to record all of Plaintiff's, and those similarly situated to him, hours worked.

32. Plaintiff and those similarly situated to him routinely worked in excess of forty (40) hours per week as part of his/their regular job duties.

33. Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiff, and those similarly situated to him, overtime compensation at a rate of time and a half of their regular rate of pay for hours worked over forty (40) in a workweek.

34. Upon information and belief, Defendants had/have a company-wide policy of failing to pay its technicians proper overtime compensation for all of their overtime hours worked.

35. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and those similarly situated to him.

36. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

37. Defendants have acted willfully in failing to pay Plaintiff, and those similarly situated to him, in accordance with the law.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff and the class members performed the same or similar job duties as one another in that they performed technician duties on behalf of Defendants.

39. Plaintiff and the class members were all hired by Defendants to perform technician duties on behalf of Defendant's customers.

40. Plaintiff and the class members were all paid an hourly rate for the work performed.

41. Plaintiff and the class members worked similar hours and usually worked more than forty (40) hours per week.

42. Plaintiff and the class members were subjected to the same pay provisions, inasmuch as they were not compensated at time-and-one-half of their regular rate for all hours worked in excess of forty (40) hours in a workweek. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

43. Defendants' failure to compensate Plaintiff and the class members proper overtime pay for all hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a uniform pay policy, applicable to all putative class members herein.

44. These policies or practices were applicable to Plaintiff and the class members.

45. Application of these policies or practices does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime wages to Plaintiff applies to all class members. Accordingly, the class members are properly defined as:

> **All Technicians who worked for Defendants within Florida during the last three (3) years and who were not compensated at time-and-one-half of their hourly rate for all hours worked in excess of forty (40) hours in one or more workweeks.**

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

46. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-45 above.

47. Plaintiff, and those similarly situated to him, are/were entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek.

48. During his/their employment with Defendants, Plaintiff, and those similarly situated to him, regularly worked overtime hours but was/were not paid time and one-half compensation for same.

49. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to him, time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff, and those similarly situated to him, has/have suffered damages, plus incurring reasonable attorneys' fees and costs.

50. As a result of Defendants' willful violation of the FLSA, Plaintiff, and those similarly situated to him, is/are entitled to liquidated damages.

51. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, and those similarly situated employees, demand judgment against Defendants for:

> a) Designation of this action as a collective action under the terms of 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;
>
> b) The payment of all overtime hours at time and one-half the regular rate of pay for the hours worked by him/them for which Defendants did not properly compensate him/them;
>
> c) Liquidated damages;
>
> d) Reasonable attorneys' fees and costs incurred in this action;
>
> e) Pre- and post-judgment interest as provided by law;
>
> f) Trial by jury on all issues so triable;
>
> g) Any and all further relief that this Court determines to be appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: 4-22-2020.                    Respectfully submitted by,

_____
Kimberly De Arcangelis, Esquire
Bar No.: 025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: kimd@forthepeople.com
*Trial Attorneys for Plaintiffs*